**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| STEVEN DAVIS and JOSHUA ANTWINE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | Case No. 4:25-cv-00594-RK ) ) |
| BRETT ALLRED, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' motion for leave to file expert disclosures out of time. (Doc. 27.) This motion is fully briefed. (Docs. 28, 35, 36.)[1] After careful consideration and for the reasons explained below, Plaintiffs' motion is **GRANTED**, and the Court deems timely Plaintiffs' expert disclosures and accompanying reports, (Docs. 27-1, 27-2).

### Legal Standard

Because the expert designation deadline is set forth in the Scheduling Order, Rule 16(b) of the Federal Rules of Civil Procedure applies. A scheduling order deadline may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see Petrone v. Werner Enters.*, 940 F.3d 425, 434 (8th Cir. 2019). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717. A district court's decision whether to modify a scheduling order is reviewed for abuse of discretion. *Petrone*, 940 F.3d at 433.

### Discussion

On July 30, 2025, Plaintiffs filed the complaint in this case. (Doc. 1.) The Court entered a Scheduling Order on February 3, 2026, (Doc. 24), largely adopting the scheduling order jointly

---

[1] Defendants Westport Community Improvement District, Brett Allred, Allred Inc., and Allred Holdings, LLC oppose Plaintiffs' motion. (Doc. 35.) Defendants Todd Gambal and The Roadhouse Group, Inc., do not oppose the motion. (Doc. 27 at 1.)

proposed by the parties, (Doc. 23). This included a deadline of March 30, 2026, for Plaintiff expert designations, which expired without Plaintiffs making any such designations. On April 10, 2026, Plaintiffs filed the instant motion for leave to file expert disclosures out of time, attaching to the motion the accompanying expert reports. (Docs. 27, 27-1, 27-2.)

Plaintiffs argue that they have been diligent in attempting to meet the Plaintiff expert designation deadline and have shown good cause for a short extension because "the disclosure deadline passed before the final financial materials necessary for the damages analysis were compiled and provided to the expert" and "the expert report was completed promptly upon receipt of the final records." (Doc. 27 at 2.) Defendants argue that Plaintiffs have not shown diligence, and therefore cannot establish good cause, because Plaintiffs failed to request an extension prior to the deadline passing and Plaintiffs' reason for delay is premised on the unavailability of Plaintiff's own financial documents. (Doc. 35 at 3-5.)

In their reply brief, Plaintiffs go into further detail about why Plaintiff Steven Davis could not access certain financial information, including that he "lacked the security credentials required to access [a] payment platform, and BOK Financial would not release the deposited-check images without proper account authorization." (Doc. 36 at 3.) Mr. Davis submitted an affidavit which states that "[b]eginning in late February 2026 and continuing through early April 2026, I called BOK Financial multiple times seeking assistance in obtaining copies of the deposited checks" but that BOK Financial could not provide him access. (Doc. 36-1 at 4.) Thus, it appears that Plaintiffs were attempting to retrieve the relevant financial information more than a month before the March 30, 2026, expert disclosure deadline, and were unable to access those documents for reasons outside of Mr. Davis' control. Under these circumstances, the Court finds that Plaintiffs acted with diligence in attempting to meet the Plaintiff expert designation deadline. *See Clark v. Phelps Cnty.*, No. 4:20-cv-716 PLC, 2022 WL 2208948, at *5 (E.D. Mo. June 21, 2022) (noting that delayed receipt of documents may provide good cause under Rule 16 for late amendment of pleadings, but not when those documents are received two months prior to the deadline).

The Court is further persuaded by Plaintiff's diligence due to the attachment of Plaintiff's expert reports to the instant motion which shows Plaintiffs finalized the expert reports less than two weeks after the deadline expired.[2] While better practice may have been to request an extension

---

[2] The Court notes this distinguishing fact from a related proceeding, *Euphoric LLC et al. v. Westport Community Improvement District et al.*, 4:25-cv-00023-RK (W.D. Mo. Dec. 1, 2025) (doc. 268) (noting

of the deadline prior to it passing, *see Koester v. Mid Rivers Mall CMBS, LLC*, No. 4:23-cv-01306-SPM, 2024 WL 4474855, at *4 (E.D. Mo. Oct. 11, 2024), the Court nevertheless concludes that Plaintiffs were diligent in attempting to meet the expert disclosure deadline.

Nor is the Court persuaded by Defendants' argument that permitting late disclosure of Plaintiffs' expert will prejudice Defendants. First, the motion was not opposed by Defendants Gambal and The Roadhouse Group; this suggests, at least as to those Defendants, that there was no perceived prejudice or that any prejudice was minor. Second, Plaintiffs filed this motion—including attaching their proposed expert reports—less than two weeks after the deadline. At that time, then, Defendants would have had over 30 days before their expert designations and reports were due. And discovery in this case is not set to close until June 30, 2026. In light of Plaintiffs' efforts to timely complete their expert reports and the fact that Plaintiffs did complete those reports within two weeks of the deadline passing, the Court is not persuaded that Defendants would be prejudiced by Plaintiffs' requested extension.[3]

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Plaintiffs' motion for leave to file expert disclosures out of time, (Doc. 27), is **GRANTED**, as to expert Brandon Comer and the attached expert reports, (Docs. 27-1, 27-2).[4]

It is **FURTHER ORDERED** that Defendants' joint motion to modify the scheduling order to extend Defendants' expert designation deadline and other related discovery deadlines—in the event the Court granted Plaintiffs' instant motion—(Doc. 39), is **GRANTED**. Therefore, the Scheduling Order, (Doc. 24), is modified as follows:

---

while Plaintiffs requested an extension of a since-passed expert disclosure deadline and argued that their Rule 26 disclosure mentioned the expert, Plaintiffs had not provided a written report of the proposed expert nor indicated they were prepared to do so yet).

[3] The parties' Scheduling Order provided a 45-day period between Plaintiffs' and Defendants' expert designation deadlines. Defendants could have avoided any prejudice caused by losing time between these deadlines by requesting a short two-week extension from the Court. Instead, certain defendants opposed the motion to file out of time, leading to a full briefing schedule and further delay. The Court considers not this latter delay, but only the initial delay by Plaintiffs, in determining any prejudice to the Defendants.

[4] This Order does not grant Plaintiffs leave to file any other expert reports not addressed by Plaintiffs in the instant motion.

| Discovery Plan and Scheduling | Deadlines |
|---|---|
| Defendant Expert Designation | July 2, 2026 |
| Rebuttal Expert Designation | July 17, 2026 |
| Discovery Dispute Motions | August 3, 2026 |
| Completion of Discovery (both fact and expert discovery) | August 17, 2026 |
| Dispositive Motions | September 16, 2026 |

All other deadlines in the Scheduling Order, (Doc. 24), including all deadlines in the "Court Conferences and Trial Date" chart, remain the same.

**IT IS SO ORDERED.**


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT


DATED: May 20, 2026

4